UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MEDINA GIWA,

                      Plaintiff,

-against-

BJ'S WHOLESALES CLUB,

                      Defendant.
------------------------------------------------------------------------X

**ORDER**

**16-CV-6018 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On September 24, 2016, Plaintiff Medina Giwa brought an action in New York state court against Defendant BJ's Wholesale Club,[1] seeking damages in the amount of $3,000,000 for personal injuries she allegedly suffered while she was inside a store operated by Defendant. (Verif. Compl. (Dkt. 1-1).) On October 28, 2016, Defendant filed a Notice of Removal, removing the action to this court pursuant to 28 U.S.C. § 1441. (Not. of Removal (Dkt. 1).) The Notice of Removal stated that this court had original jurisdiction over the action under 28 U.S.C. § 1332 because there was complete diversity between the parties and the amount in controversy exceeded $75,000. (Id. ¶¶ 5-6.) The parties subsequently entered into a stipulation (the "Stipulation") in which Plaintiff agreed that "she has not suffered, and will not seek, damages in excess of $75,000.00 at any time hereafter." (Stip. to Cap Damages ("Stip.") (Dkt. 9-1) at 1.) With Plaintiff's consent, Defendant now requests that the court remand this action to state court on the basis that the Stipulation "eliminates diversity jurisdiction." (See Def.'s Ltr.-Mot. to Remand (Dkt. 9) at 2.) For the following reasons, the court DENIES Defendant's Motion to Remand.

---

[1] The caption for this proceeding lists Defendant as "BJ's Wholesales Club," but the Complaint lists Defendant as "BJ's Wholesale Club." The court respectfully DIRECTS the Clerk of Court to change the spelling of Defendant's name in the caption to reflect "BJ's Wholesale Club."

1

This court has jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States . . . ." 28 U.S.C. § 1332. "[O]nce a case that was initiated in state court has been removed properly, subsequent events that reduce the amount recoverable—such as the plaintiff's amendment of the complaint—will not defeat the federal court's subject-matter jurisdiction." 14C Wright & Miller, Fed. Prac. & Proc. Juris. § 3725.2 (4th ed. 2015). The Supreme Court has specifically held that even if "the plaintiff after removal, <u>by stipulation</u>, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 292 (1938) (emphasis added); see <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428 (1991) ("[I]f [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

Consistent with these principles, "courts in this circuit have repeatedly denied motions to remand based on amendments that reduced the demand sought by the complaint below the [amount-in-controversy] requirement." <u>Flynn v. Schwan's Consumer Brands Inc.</u>, No. 15-CV-4509 (CM), 2015 WL 4560870, at *2 (S.D.N.Y. July 27, 2015); see, e.g., <u>Universal Commodity Servs., Inc. v. Murphy Road Recycling, LLC</u>, No. 09-CV-970 (JBW), 2009 WL 1850986, at *2 (E.D.N.Y. June 18, 2009); <u>Quinones v. Nat'l Amusements, Inc.</u>, No. 07-CV-663 (MHD), 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007). As one district court explained, permitting post-filing events to dictate jurisdiction for remand purposes

> facilitates gamesmanship and forum- and judge-shopping by encouraging plaintiffs filing in state court to seek exorbitant damages against the chance the case will not be removed, and then to reduce their demands if the case is removed to federal court, or not, depending on their happiness with the assigned judge. Such gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted.

2

Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F. Supp. 2d 245, 247 (S.D.N.Y. 2005). These policy concerns extend to cases where a defendant does not oppose a plaintiff's motion to remand as well as cases where the parties stipulate to a maximum of $75,000 or less in damages, as is the case here. See Flynn, 2015 WL 4560870, at *3 ("[I]t is of no moment that the defendants have chosen not to oppose [plaintiff's] motion to remand. Nor would it even matter if they had formally stipulated to a maximum of $74,000 in damages. . . . Further, allowing a plaintiff and defendant to stipulate to damages and thereby defeat the court's subject-matter jurisdiction would invite gamesmanship and judge-shopping . . . .").

Here, there is no dispute that diversity jurisdiction existed at the time this action was removed, and indeed, when it was filed in state court.[2] (See Not. of Removal at 1; Stip. at 1.) Because jurisdiction cannot be defeated by a subsequent amendment—in this case, a stipulation between the parties reducing the amount in controversy—the court DENIES Defendant's Motion to Remand (Dkt. 9). If the parties wish, they can stipulate to dismissal of the case without prejudice, thereby leaving Plaintiff free to re-file in state court.

SO ORDERED.

Dated: Brooklyn, New York
December 12, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Plaintiff arguably violated New York's pleading rules by stating a specific amount of damages, $3,000,000, in her Complaint. See N.Y. C.P.L.R. § 3017(c). While Defendant could have moved in state court to strike the ad damnum clause, see Rice v. Vandenebossche, 586 N.Y.S.2d 303, 305 (2d Dep't 1992), CPLR § 3017 is inapplicable in federal court, see Milano by Milano v. Freed, 767 F. Supp. 450, 454 (E.D.N.Y. 1991) (holding that "pleading the amount of damages in an ad damnum clause in a[n] . . . action brought in federal court is a procedural matter governed by [Rule 8 of the Federal Rules of Civil Procedure ("Rule 8")]" rather than CPLR § 3701). Because Rule 8 permits a plaintiff to state its damages exactly, see Horn v. Greenwood Rehabilitation Ctr., Inc., No. 84-CV-312 (CSH), 1984 WL 531, at *3 (S.D.N.Y. June 28, 1984), it follows that this court may, in evaluating jurisdiction, consider the amount of damages alleged in Plaintiff's Complaint, as removed.